**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

      vs.                       Cr. No. 23-1473 DHU

LIONEL MEDINA,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR RELEASE**

      This matter comes before the Court on Defendant's "Motion for Entry of Order Concluding that 18 U.S.C. § 113(a)(6) is not a Crime of Violence or, in the Alternative, that 18 U.S.C. § 3156(a)(4)(B) is Unconstitutional," filed June 24, 2024. Doc. 27; *see also* Doc. 28 (response).[1] On May 24, 2024, Defendant Lionel Medina pled guilty to assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). Doc. 25. The issue before the Court is whether to detain Defendant Medina pending sentencing now that he has entered a guilty plea.

      Defendant advances three alternative arguments as to why he should not be detained: (1) the residual clause for the definition of crime of violence in the Bail Reform Act ("the Act") is unconstitutional; (2) even if the residual clause is constitutional, § 113(a)(6) assault resulting in serious bodily injury is not a crime of violence under the residual clause; and (3) even if the residual clause is constitutional and assault resulting in serious bodily injury is a crime of violence under the residual clause, exceptional circumstances warrant his release pending sentencing. Although the Court finds that the residual clause of the Act is constitutional, the Court accepts the parties' agreement that assault resulting in serious bodily injury (which can be

---

[1] Defendant did not file a reply and his time to do so has expired. *See* D.N.M. LR-Cr. 47.8(a).

committed with a reckless mens rea), is not a crime of violence as defined in the Act. Thus, rather than facing detention absent exceptional circumstance, Defendant is subject to release if he can demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Because Defendant has met this burden, the Court orders that Defendant continue to be released under the same conditions that existed before he pled guilty.

## LEGAL STANDARD

Absent circumstances not presently at issue, the Bail Reform Act requires that a person who has been found guilty of a crime of violence, and is awaiting imposition of a sentence, be detained. 18 U.S.C. § 3143(a)(2) (cross-referencing 18 U.S.C. § 3142(f)(1)(A)). Alternatively, the Act instructs that a person who has been found guilty of an offense that is not a crime of violence and who is awaiting imposition or execution of a sentence be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The Act defines crime of violence as,

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
> (C) any felony under chapter 77, 109A, 110, or 117.

18 U.S.C. § 3156(a)(4). Courts have recognized that, even if § 3143(a)(2) requires detention, "a defendant may remain out of custody pending sentencing . . . by showing that there are 'exceptional reasons why detention would not be appropriate,' and by showing by clear-and-convincing evidence that he or she is not a flight risk or a danger to the community." *United States v. Lopez*, 184 F. Supp. 3d 1139, 1143 (D.N.M. 2016) (quoting 18 U.S.C. § 3145(c)).

**ANALYSIS**

Defendant begins his brief by arguing that the detention provision of § 3143(a)(2) does not apply in his case because assault resulting in serious bodily injury is not a crime of violence. Doc. 27 at 2. He argues that "the Court need not resolve whether the residual clause of the Bail Reform Act is constitutional, because the offense to which Mr. Medina pleaded guilty does not qualify as a crime of violence under existing Tenth Circuit precedent." *Id*. But this argument puts the cart before the horse. The very purpose of the Act's residual clause—§ 3156(a)(4)(B)—is to help define what offenses are crimes of violence. Thus, to engage in an analysis of whether assault resulting in serious bodily injury is a crime of violence under the Act's residual clause, the Court first needs to determine whether the residual clause's definition of a crime of violence is constitutional. Accordingly, the Court begins its analysis with this constitutional question.

**1.  The residual clause of the Bail Reform Act is constitutional.**

Like other statutes and guidelines defining crime of violence, the Act's definition contains an elements clause (subsection A) and a residual clause (subsection B). The residual clause of the Act defines a crime of violence as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). As applied to other statutes, the Supreme Court has found several similar residual clauses to be unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 593, 597 (2015) (holding that the residual clause of the definition of violent felony in the Armed Career Criminal Act ("ACCA")—any felony that involves conduct that presents a serious potential risk of physical injury to another—is unconstitutionally vague) (citing 18 U.S.C. § 924(e)(2)(B)); *Sessions v. Dimaya*, 584 U.S. 148, 153, 174 (2018) (holding that the residual clause of the definition of crime of violence in the Immigration and Nationality

Act—any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense—is unconstitutionally vague) (citing 18 U.S.C. § 16); *United States v. Davis*, 588 U.S. 445, 448, 470 (2019) (holding that the residual clause of 18 U.S.C. § 924(c)'s crime of violence definition—a felony that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense— is unconstitutionally vague). Defendant likens the Act's residual clause to those found unconstitutionally vague in *Johnson* and *Dimaya*. Doc. 27 at 4-6.

The most relevant case for analyzing the Act's residual clause, however, is one that Defendant does not cite: *Beckles v. United States*, 580 U.S. 256 (2017). In *Beckles*, decided two years after *Johnson*, the Supreme Court examined the residual clause definition of crime of violence under the Sentencing Guidelines, which defined as a crime of violence an offense that involves conduct that presents a serious potential risk of physical injury to another. *Id.* at 258. The Court held that the residual clause is not unconstitutionally vague because the Guidelines are not mandatory. *Id.* at 263. The residual clause at issue here is most similar to the residual clause in *Beckles* because it does not impose mandatory penalties.

Indeed, relying on *Beckles*, the Second Circuit in *United States v. Watkins* recognized that the Supreme Court has found residual clauses to be unconstitutionally vague in statutes that "(1) establish new criminal offenses; or (2) impose severe or enhanced penalties." 940 F.3d 152, 159 (2d Cir. 2019). Looking at the Act's pretrial detention provision, 18 U.S.C. § 3142(f)(1), the Second Circuit in *Watkins* reasoned that because the Act "does not define criminal offenses, fix penalties, or implicate the dual concerns underlying the void-for-vagueness doctrine," the

residual clause is not unconstitutionally vague as applied to pretrial detention hearings. *Id.* at

161. This same reasoning likely applies to detention pending sentencing under § 3143(a)(2).[2]

     More significantly, Defendant's argument fails to contend with the fact that cases finding

similar residual clauses unconstitutional limited their decisions to the specific statutes at issue,

none of which were the Act. *See Johnson*, 576 U.S. at 606; *Dimaya*, 584 U.S. 148 at 174; *Davis*,

588 U.S. at 470. Although the Supreme Court has not addressed the constitutionality of

§ 3156(a)(4)(B), the Tenth Circuit, in multiple published cases, has applied § 3156(a)(4)(B) en

route to determining whether a particular offense constitutes a crime of violence. Consider

*United States v. Ingle*, 454 F.3d 1082 (10th Cir. 2006). There, the defendant entered a guilty plea

for the offense of felon in possession of firearms and ammunition and, concluding this offense

constituted a crime of violence, the district court detained him pending sentencing, as

§ 3142(a)(2) of the Act requires. *Id.* at 1083. The issue on appeal was whether the offense of

felon in possession of a firearm is a crime of violence as defined by § 3156(a)(4)(B)—i.e., the

residual clause of the Act. *Id.* The Tenth Circuit held that a "categorical approach" should be

used to identify a crime of violence.[3] *Id.* at 1084-85. Looking at the offense of felon-in-

possession as a whole, as opposed to the "particular circumstances surrounding the defendant's

---

[2] Defendant pushes back on the analysis in *Watkins*, arguing that "even if § 3156(a)(4)(B) neither establishes a new criminal offense nor imposes mandatory penalties, the consequence of the classification of a crime of violence is almost-certain incarceration, given that the resulting standard by which a defendant must justify release pending sentencing becomes 'exceptional.'" Doc. 27 at 6. This argument has some appeal given the near mandatory detention language in § 3143(a)(2). However, even if the Court were to disregard *Watkins*, the Tenth Circuit has repeatedly applied the residual clause in published cases, as discussed below.

[3] Two years earlier, in *United States v. Rogers*, the Tenth Circuit held that "[l]ike the majority of the other courts to consider this question, this court concludes that the use of the term 'by its nature' in § 3156(a)(4)(B) mandates a categorical approach to the determination of whether a given crime fits within § 3156(a)(4)(B)'s definition of crime of violence." 371 F.3d 1225, 1228 n.5 (10th Cir. 2004).

alleged violation," the court found that there are "numerous factual scenarios" where a person is convicted of a non-violent felony and may have the same motive to possess ammunition as non-felons (to include hunting, gun collecting, and target practice). *Id.* at 1085, 1086. Thus, as a purely categorical matter, "the nature of the offense does not involve a substantial risk of physical force used against the person or property of another." *Id.*

Although *Ingle*'s holding does not answer the specific question before the Court—whether assault resulting in serious bodily injury is a crime of violence under the residual clause of the Act—its application of the residual clause to determine whether § 922(g) defines a crime of violence indicates that the residual clause under § 3156 of the Act was still alive in 2006. *See also United States v. Rogers*, 371 F.3d 1225, 1228 (10th Cir. 2004) (similarly addressing whether possession of a firearm while subject to a domestic protective order and possession of a firearm following a misdemeanor conviction of domestic violence are crimes of violence under the residual clause of the Act). Whether this residual clause will withstand a direct constitutional challenge (like *Beckles*) before the Supreme Court, or will fall under such a challenge (like *Johnson*, *Dimaya*, and *Davis*) remains to be seen. Until the Tenth Circuit or United States Supreme Court finds the Act's residual clause unconstitutional, however, the Court recognizes the Tenth Circuit's application of the clause in *Rogers* and *Ingle*, and further concludes that, because the clause does not establish a new criminal offense or impose severe or enhanced penalties, the analysis of *Beckles* (rather than the analysis of *Johnson*, *Dimaya*, and *Davis*) is most applicable. Thus, the Court rejects Defendant's argument that the residual clause of the Act is unconstitutionally vague.

**2.  The Court accepts the parties' agreement that assault resulting in serious bodily injury is not a crime of violence under the Act's residual clause.**

Having found the Act's residual clause to be constitutional, the Court next examines whether the crime at issue here, assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6), is a crime of violence as defined by the Act's residual clause. On this point, Defendant and the United States agree: because this crime can be committed recklessly, it is not a crime of violence. Doc. 27 at 2-4; Doc. 28 at 4-5. It is true that, in determining whether assault resulting in serious bodily injury is a crime of violence, the Court's focus cannot be on how Defendant actually assaulted his victim in this case. As set forth above, the Tenth Circuit uses "a categorical approach to identify a crime of violence. In other words, the court does not consider the particular circumstances surrounding the defendant's alleged violation. The court looks at the generic offense, not the underlying circumstances." *Ingle*, 454 F.3d at 1084–85 (internal quotation marks and citation omitted). Further, the Tenth Circuit has held that assault under § 113(a)(6) can be committed purposefully, knowingly, or recklessly. *United States v. Zunie*, 444 F.3d 1230, 1234 (10th Cir. 2006). Based on this precedent, both parties agree assault resulting in serious bodily injury, which can be committed recklessly, is not a crime of violence under the Act's residual clause.

The Court's analysis of this precedent, however, does not yield such a straightforward and indisputable conclusion. Thus, rather than simply accepting the parties' agreement without further comment, the Court pauses to note that its decision today identifies, but does not resolve, arguments left on the table about why, despite the cases the parties cite (which do not deal with the Act), § 113(a)(6) assault resulting in serious bodily injury may nonetheless be a crime of violence under § 3156(a)(4)(B).

The Court begins with cases the United States cites in support of its position that assault resulting in serious bodily injury is not a crime of violence. The United States cites a series of cases in which the Supreme Court and Tenth Circuit have held, *under the elements clause* of various statutes, that if a crime can be committed recklessly, it does not constitute a crime of violence. *See, e.g.*, *Borden v. United States*, 593 U.S. 420 (2021); *United States v. Benally*, 19 F.4th 1250, 1258 (10th Cir. 2021); *United States v. Devereaux*, 91 F.4th 1361 (10th Cir. 2024). The Court agrees that, if the question was whether § 113(a)(6) constitutes a crime of violence under § 3156(a)(4)(A) (the Act's elements clause), these cases provide a clear answer: it does not.[4] The question presently before the Court, however, does not concern § 3156(a)(4)(A). Instead, the question concerns § 3156(a)(4)(B), the residual clause.

For his part, Defendant cites *United States v. Scoville* for the proposition that "the residual clause [of the ACCA] is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts." Doc. 27 at 2 (citing *Scoville*, 561 F.3d 1174, 1180 (10th Cir. 2009)). He then asserts that because assault resulting in serious bodily injury can be committed recklessly, and because the residual clause in *Scoville* does not reach reckless conduct, the residual clause here must also not reach crimes that can be committed recklessly. To

---

[4] In *Borden v. United States*, the Supreme Court examined the elements clause for the definition of violent crime under the ACCA—a clause that mirrors the elements clause of the crime of violence under the Act: "An offense qualifies as a violent felony under that clause if it has as an element the use, attempted use, or threatened use of physical force against the person of another." 593 U.S. 420, 424 (2021) (quoting 18 U.S.C. § 924(e)(2)(B)(i)). The Supreme Court held that criminal offenses which include a mens rea of recklessness do not qualify as a violent crime under the elements clause. *Id.* at 423. In *United States v. Devereaux*, the Tenth Circuit relied on *Borden* and held that assault resulting in serious bodily injury under § 113(a)(6) is not a crime of violence under the elements clause of the Sentencing Guidelines. 91 F.4th 1361, 1362-63 (10th Cir. 2024); *see also id.* ("[B]ecause the least criminalized conduct § 113(a)(6) proscribes is recklessness, a § 113(a)(6) conviction categorically does not have as an element the use, attempted use, or threatened use of physical force against the person of another.").

understand *Scoville*'s foundation, however, one must first look to the case on which it relies: *Begay v. United States*, 553 U.S. 137 (2008), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015).[5]

In *Begay*, the Supreme Court considered whether driving under the influence of alcohol was a violent felony under the residual clause of the ACCA. *Id.* at 139. The ACCA's residual clause defined as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 140 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court concluded that the residual part of the clause (the words that come after "otherwise") must be interpreted with reference to the enumerated offenses that preceded it ("burglary, arson, extortion, or crimes involving the use of explosives"). *Id.* at 142; *see also Scoville*, 561 F.3d at 1180 ("[F]or a crime to constitute a violent felony under § 924(e)'s residual clause [i.e., the ACCA], it must proscribe conduct roughly similar, in kind as well as in degree of risk posed to the enumerated examples preceding the clause." (internal quotation marks and citation omitted)).

The Supreme Court in *Begay* reasoned that "the provision's listed examples—burglary, arson, extortion, or crimes involving the use of explosives—illustrate the kinds of crimes that fall within the statute's scope. Their presence indicates that the statute covers only *similar* crimes, rather than *every* crime that 'presents a serious potential risk of physical injury to another.'" 553 U.S. at 142 (emphasis in original) (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The Court then concluded, "DUI differs from the example crimes—burglary, arson, extortion, and crimes

---

[5] Although *Johnson* later held the residual clause of the ACCA to be unconstitutional, thus abrogating *Begay*, the Supreme Court's analysis in *Begay* of what constitutes a violent felony under a residual clause is relevant to the analysis of residual clauses that have not been held unconstitutional.

involving the use of explosives—in at least one pertinent, and important, respect. The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id*. at 144-45; *see also Scoville*, 561 F.3d at 1180 ("[T]he residual clause [of the ACCA] is intended to reach purposeful, violent, and aggressive conduct rather than merely negligent or reckless acts." (internal quotation marks and citation omitted)). That is, the enumerated crimes that preceded the residual clause significantly informed the Court's interpretation of the types of crimes that could qualify as violent under the residual clause.

In contrast, no enumerated crimes precede the Act's residual clause, § 3156(a)(4)(B). Thus, the same path the Supreme Court and the Tenth Circuit took to concluding that the ACCA's residual clause does not capture non-purposeful, violent, and aggressive crimes such as DUI does not exist in the present case. Consequently, *Begay* and *Scoville* may not be determinative when it comes to interpreting § 3156's residual clause.

Another case *Scoville* relies on, *James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson v. United States*, 576 U.S. 591 (2015),[6] also raises questions as to whether assault resulting in serious bodily injury is a crime of violence under the Act's residual clause. In *James*, the Supreme Court discussed the categorical approach that applied to the ACCA's definition of violent felony under the residual clause, and held, "We do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony." *Id.* at 208. "One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury . . . ." *Id*. Accordingly, even if offenses that are committed recklessly in

---

[6] Although the Supreme Court in *Johnson* later struck down the residual clause at issue in *James*, *James* nonetheless provides a useful guide to the categorical approach in cases where the residual clause remains viable.

the ordinary case do not qualify as a crime of violence under § 3156(a)(4)(B), where an offense is committed recklessly only in the unordinary case, an argument can be made that such an offense falls within § 3156(a)(4)(B)'s definition of a crime of violence. Under this approach, if assault resulting in serious bodily injury does not arise from reckless conduct in the ordinary case, an argument can be made that it constitutes a crime of violence. *See United States v. Fish*, 758 F.3d 1, 19, 22 (1st Cir. 2014) (Dyk, J., dissenting) (arguing that Massachusetts conviction for assault and battery with a dangerous weapon should be considered a violent crime under residual clause of 18 U.S.C. § 16 despite the fact that the statute encompasses reckless conduct, as convictions stemming from reckless conduct do not constitute the vast majority of convictions).

Having identified arguments the parties did not make, the Court notes that it is unaware of any clear guidance, one way or another, as to what the Tenth Circuit or Supreme Court would do if presented with these arguments. Thus, in light of the lack of briefing on these arguments and lack of clear guidance as to how the Tenth Circuit or Supreme Court would receive these arguments, for purposes of the present motion the Court accepts the parties' agreement that § 113(a)(6) assault resulting in serious bodily injury is not a crime of violence under § 3156(a)(4).

**3. Clear and convincing evidence exists that Defendant is not a flight risk or a danger to the community.**

Defendant argues that, even if the Court finds § 113(a)(6) qualifies as a crime of violence, exceptional circumstances warrant his release pending sentencing under § 3145(c). Because the Court adopts the parties' view that § 113(a)(6) assault resulting in serious bodily injury is not a crime of violence, § 3143(a)(2)'s detention provision is not applicable. Instead, turning to § 3143(a)(1), Defendant must be detained "unless the judicial officer finds by clear

and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). The Court finds that such evidence exists.

As Defendant explains in his brief, several facts support a finding that he is not a flight risk: he lived in Zia Pueblo for almost his entire childhood and has lived in Albuquerque for the last seven years with his partner, their six-year old son, and his partner's teenage daughter; he is one credit shy of an associate degree from Southwest Indian Polytechnic Institute; he maintains steady employment, currently working a full-time job; and he has participated in every required meeting and court hearing during the present case and the related tribal case, including complying with all conditions of release in both cases. Additionally, several facts weigh in favor of a finding that Defendant is not likely to pose a danger to the community if released: he actively participates in Alcoholics Anonymous; he has not had a drink since the drunk driving conduct in this case; he has participated in a victim impact panel through Mothers Against Drunk Driving; he created a series of social media public service announcements warning of the danger of drunk driving; he has had no contact with the victim, who lives nearby; and he has no criminal history other than the tribal court conviction based on the same underlying conduct. Indeed, the United States takes no position as to Defendant's request for release pending sentencing and "agrees that his compliance with conditions of release to date, as well as his participation in Alcoholics Anonymous, Mothers Against Drunk Driving, and PSA efforts warning of the dangers of drunk driving, weigh in favor of release pending sentencing." Doc. 28 at 5.

## CONCLUSION

For these reasons, the Court GRANTS Defendant's "Motion for Entry of Order Concluding that 18 U.S.C. § 113(a)(6) is not a Crime of Violence, or in the Alternative, that 18 U.S.C. § 3156(a)(4)(B) is Unconstitutional." Doc. 27. Specifically, the Court:

1) rejects Defendant's argument that 18 U.S.C. § 3156(a)(4)(B) is unconstitutionally vague;

2) accepts for purposes of the present motion the parties' position that Defendant's conviction under § 113(a)(6) should not be characterized as a crime of violence under § 3156 (a)(4)(B); and

3) finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3143(a)(1). Thus, the Court orders that Defendant may remain released pending his sentencing subject to the same conditions that existed before he entered his guilty plea.


STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE